IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EILEEN SHAVELSON, | CIV. NO. 15-00047 JMS-KSC |
| Plaintiff, | ORDER: (1) GRANTING PLAINTIFF'S APPLICATION TO |
| vs. | PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR |
| JUDGE RANDALL VALENCIANO, individually and in his official capacity as Justice of the Fifth Civil Circuit Court of Kauai County, | COSTS; AND (2) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND |
| Defendant. | |

**ORDER: (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND (2) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND**

**I. INTRODUCTION**

Before the court is pro se Plaintiff Eileen Shavelson's ("Plaintiff") Verified Complaint, Doc. No. 1, and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). Doc. No. 3. For the reasons set forth below, the court GRANTS Plaintiff's IFP Application and DISMISSES Plaintiff's Complaint without leave to amend.

///

///

## II. BACKGROUND

Plaintiff filed her Complaint against Defendant Judge Randall Valenciano ("Defendant" or "Judge Valenciano"), individually and in his official capacity as Circuit Judge of the State of Hawaii Fifth Circuit in Kauai, alleging that Defendant deprived her of due process in connection with state court judicial proceedings, resulting in monetary damages. Plaintiff seeks injunctive and declaratory relief, damages, and litigation costs.

More specifically, Plaintiff alleges that Defendant failed to issue a "summary judgment default ruling" in Plaintiff's favor in a state court proceeding, and failed to give reasons for such failure and to respond to numerous writs filed by Plaintiff against Defendant seeking such relief and/or reasoning. Doc. No. 1, Compl. at 1-3. Plaintiff further alleges that Defendant's failure to perform his judicial duties for nearly two years has exacerbated the drastic change in living costs Plaintiff incurred following the state action defendants' conduct after Plaintiff sought relief from the Fair Housing Office in December 2012. Plaintiff seeks an injunction commanding Judge Valenciano to "give a summary judgment default ruling" and to award damages relating to that case. *Id.*

On February 20, 2015, Plaintiff filed the instant action and the IFP Application, which is GRANTED. Pursuant to Local Rule 7.2(d), the court finds

these matters suitable for disposition without a hearing.

### III. **DISCUSSION**

**A.     Standard of Review**

The court must subject each *in forma pauperis* civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Plaintiff is apprearing *pro se*; consequently, the court liberally construes her Complaint. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). For screening purposes, the court accepts as true the allegations of the complaint. *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S.

3

738, 740 (1976). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez*, 203 F.3d at 1126.

Nevertheless, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted[.]" A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

Although a plaintiff need not identify the legal theories that are the basis of a pleading, *see Johnson v. City of Shelby, Mississippi*, 135 S. Ct. 346, 346 (2014) (per curiam), a plaintiff must nonetheless allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the

allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556). In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Iqbal*, 556 U.S. at 679.

**B.     Application**

Plaintiff asserts a single claim pursuant to 42 U.S.C. § 1983 for violation of her constitutional (through the Fourteenth Amendment) due process rights, based at least in part on violations of the Hawaii Revised Code of Judicial Conduct. The basis of Plaintiff's claim is that over a two-year period, Defendant failed to grant her request for default judgment in an underlying state proceeding,

5

and subsequently failed to rule or respond to various writs Plaintiff filed seeking such ruling and/or reasoning for failing to grant such relief. *See generally* Doc. No. 1, Compl. at 1-3. Based on the following, the court finds that Plaintiff has failed to assert a plausible claim against Defendant.

Plaintiff's claim against Defendant fails because judges are absolutely immune from liability for acts done by them in the exercise of their judicial functions. *See, e.g.*, *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008); *Mullis v. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987) (holding that judges are absolutely immune from civil liability for damages for their judicial acts). Judicial immunity "is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996), *superceded by statute on other grounds as recognized in Tia v. Mollway*, 2011 WL 2945813, at *4 (D. Haw. July 20, 2011). The doctrine of absolute judicial immunity is based on the policy that "judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (applying judicial immunity to an action under 42 U.S.C. § 1983). Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Accordingly, judicial immunity is not overcome by allegations

of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Moore*, 96 F.3d at 1244 (citation and internal quotation marks omitted). "A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority." *Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (citing *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978)).

The Complaint asserts that Defendant refused (1) to give a final ruling for nearly two years in an underlying state action in which the state defendants never responded; (2) to respond to Plaintiff's motions and writ seeking such final ruling and/or reasons for denial; and (3) to give any reasons for his denial of motions. *See* Doc. No. 1, Compl. at 2. Because these allegations are all directed to Defendant's acts done in the exercise of his judicial functions, Defendant is absolutely immune from suit and Plaintiff's claim against Defendant fails.

Furthermore, to the extent Plaintiff also generally alleges that the Hawaii Intermediate Court of Appeals ("ICA"), specifically Craig Nakamura, Chief Judge of the ICA, and the Supreme Court of Hawaii, contributed to the lack

7

of due process by not granting or responding with reasons to various writs and appeals, such allegations are also directed to acts done in the exercise of judicial function. Thus, even if Plaintiff were to amend her Complaint naming as defendants additional judges, these judges would also be absolutely immune from suit and Plaintiff's claims would fail.

## IV. **CONCLUSION**

Because Defendant is absolutely immune from suit, Plaintiff has failed to assert a plausible claim for relief. And because of such immunity, the court finds that granting Plaintiff leave to amend her Complaint would be futile -- no amendment would remedy her inability to assert claims against Judge Valenciano based on the allegation that Judge Valenciano's conduct in the exercise of his judicial function violated Plaintiff's due process rights.

///

///

///

///

///

///

///

Accordingly, Plaintiff's Complaint is DISMISSED without leave to amend. This action is DISMISSED. The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 26, 2015.



```
 /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge
```

*Shavelson v. Valenciano*, Civ. No. 15-00047 JMS-KSC, Order: (1) Granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs; and (2) Dismissing Plaintiff's Complaint Without Leave to Amend